IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| JESSUE STRALEY, § | |
| (TDCJ # 1289539) § | |
| § | |
| VS. § | CIVIL ACTION NO.4:04-CV-944-Y |
| § | |
| § | |
| DEE ANDERSON, Sheriff, § | |
| Tarrant County, Texas, et al. § | |

OPINION and ORDER OF DISMISSAL UNDER 28 U.S.C. §§ 1915A(b)(1),
and UNDER 28 U.S.C. §§ 1915(e)(2)(B)(i) and (ii)

Plaintiff Jessue Straley, a prisoner presently housed at the Texas Department of Criminal Justice(TDCJ) Byrd Unit, was permitted by the magistrate judge to proceed herein pursuant to 28 U.S.C. § 1915, with the filing fee to be collected as required by the Prison Litigation Reform Act (PLRA). In Straley's form civil-rights complaint seeking relief under 42 U.S.C. § 1983, he names as defendants Dee Anderson, Sheriff, Tarrant County, Texas; Captain Hendrix, Tarrant County jail; and a Mr. White. (Compl. Style; ¶ IV(B).) In the form complaint, Straley alleges that, while housed at the Tarrant County jail, due to his housing status as an assaultive inmate, he was not provided the same educational opportunities as general population inmates. He contends that he sought relief from Sheriff Anderson, Captain Hendrix, and an official with the "school district" named White. He seeks an order from this Court directing that education classes be offered throughout the jail, and monetary damages from each party. (Compl. § VI.)

A complaint filed in forma pauperis that lacks an arguable basis in law should be dismissed under 28 U.S.C. § 1915.[1] Under 28 U.S.C. § 1915(e)(2)(B), a district court retains broad discretion in determining at any time whether an in-forma-pauperis claim should be dismissed.[2] Furthermore, as a part of the PLRA, Congress enacted 28 U.S.C. § 1915A, which requires the Court to review a complaint from a prisoner seeking relief from a governmental entity or governmental officer or employee as soon as possible after docketing.[3] Consistent with § 1915A is prior case law recognizing that a district court is not required to await a responsive pleading to conduct its § 1915 inquiry.[4] Rather, § 1915 gives judges the power to "dismiss a claim based on an indisputably meritless legal theory."[5] After review and consideration of Straley's claims in this suit, the Court concludes that they must be dismissed under the authority of these provisions.

---

[1] *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). Section 28 U.S.C. § 1915(e) *requires* dismissal not only when an allegation of poverty is untrue or the action is frivolous or malicious, but also when "the action . . . fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C.A. § 1915(e)(2)(A) and (B)(West Supp. 2004).

[2] *See* 28 U.S.C.A. § 1915(e)(2)(West Supp. 2004); *Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996); *see also Wesson v. Oglesby*, 910 F.2d 278, 281 (5th Cir. 1990)(discussing authority to dismiss at any time under prior § 1915(d)).

[3] *See* 28 U.S.C.A. § 1915A(a)(West Supp. 2004).

[4] *See Schultea v. Wood*, 47 F.3d 1427, 1434 (5th Cir. 1995).

[5] *Id.*, citing *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

In order to assert a claim for violation of federal constitutional rights under 42 U.S.C. § 1983, a plaintiff must set forth facts in support of the required elements of a § 1983 action: (1) that he has been deprived of a right secured by the Constitution or laws of the United States; and (2) that the defendants deprived him of such right while acting under color of law.[6] Plaintiff's allegations fail to satisfy the first element.  Straley has not recited the constitutional basis for his claim, but as he complains of the failure to provide him the same education as a general population inmate, the Court has construed this claim as an allegation that the defendants denied Plaintiff equal protection of the law.

The Equal Protection Clause prohibits the states from denying persons within their jurisdiction the equal protection of the laws.[7] An equal-protection violation may occur when the government treats someone differently than another who is similarly situated.[8] The general rule is that state legislation or other state action is presumed valid and will be sustained if the state action is rationally related to a legitimate state interest.[9] The general rule

---

[6] See West v. Atkins, 487 U.S. 42, 48 (1988)(citing cases); Resident Council of Allen Parkway Village v. U.S. Department of Housing and Urban Development, 980 F.2d 1043, 1050 (5th Cir. 1993).

[7] U.S. CONST. amend XIV, § 1.

[8] City of Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 439 (1985).

[9] Id. at 440 (citations omitted).

gives way, however, when state legislation or state action classifies by race, alienage or other suspect class, or when state action impinges on personal fundamental rights protected by the Constitution.[10] In such instances, the state law or action is subject to strict scrutiny and will be sustained only if it is suitably tailored to serve a compelling state interest.[11]

In this case, Straley does not allege improper treatment on the basis of being in a suspect class,[12] and the facts as stated by Straley do not allege a violation of a fundamental right. In this regard, a prisoner has no constitutional right to rehabilitative or educational programs, and there is "no constitutional basis for the demand that prisoners in administrative segregation be accorded the same privileges as prisoners in the general population."[13] Thus, analyzing Straley's equal-protection claim under the general rule, the defendants' involvement in placing him in administrative segregation must only bear a rational relation to a legitimate state

---

[10] *Id.* at 440-41.

[11] *Id.*

[12] *See generally Carson v. Johnson*, 112 F.3d 818, 821-22 (5th Cir. 1997) ("Neither prisoners nor indigents constitute a suspect class"), citing *Harris v. McRae*, 448 U.S. 297, 323 (1980)(indigents); and *United States v. King*, 62 F.3d 891, 895 (7th Cir.1995)(prisoners).

[13] *Mikeska v. Collins*, 900 F.3d 833, 837 (5th Cir. 1990)(rejecting claims by inmates in administrative segregation that they were denied equal protection because they were denied the same privileges, exercise, and education programs as other inmates).

4

interest.[14] The focus must be on whether the disciplinary restrictions are "reasonably related to legitimate penological interests."[15] Corrections officials' ability to segregate an inmate is clearly a legitimate penological objective.[16]

In the handwritten grievance forms that Straley submitted with his complaint, he repeatedly acknowledges that his segregated housing is due to "security" concerns and do to his "assaultive" history. (Compl.; attachments.) Straley does not dispute that his housing in administrative segregation was for the legitimate rational goal of preserving discipline.[17] Thus, no equal protection violation occurred in this case because the loss of a chance for participation in education programs was incident to a valid state action.[18]

It is therefore ORDERED that all Plaintiff's claims be, and they

---

[14] *City of Cleburne*, 473 U.S. at 440-41; *see also Carson*, 112 F.3d at 822 (applying the general standard of rationally related to a legitimate state interest in reviewing indigent prisoners' equal-protection challenge to the Prison Litigation Reform Act), *citing City of New Orleans v. Dukes*, 427 U.S. 297, 303 (1976)(per curiam).

[15] *Turner v. Safley*, 482 U.S. 78, 89 (1987).

[16] *See Bell v. Wolfish*, 441 U.S. 520, 547 (1979)("Prison administrators therefore should be accorded wide-ranging deference in the adoption of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security.")

[17] *See Mikeska*, 900 F.2d at 837-38.

[18] To the extent Straley challenges the placement in administrative segregation itself, prisoners do not have a liberty interest in avoiding segregation, at least where the status does not affect the duration of their sentence. *See Sandin v. Conner*, 515 U.S. 472, 483(1995)(citations omitted); *see also Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995)("administrative segregation, without more, simply does not constitute a deprivation of a constitutionally cognizable liberty interest"), *cert. denied*, 116 S.Ct. 1690 (1996). Thus, any such claim is also dismissed under 28 U.S.C. § 1915A(b)(1) and 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

5

are hereby, DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. § 1915A(b)(1) and alternatively, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

SIGNED May 11, 2005.

*[signature: Terry R. Means]*
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE